UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| T-REX PROPERTY AB,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MUZAK, LLC; DMX, LLC; DMX RESIDENTIAL HOLDINGS, LLC; DMX RESIDENTIAL, LLC; DMX HOLDINGS, INC.; MOOD MEDIA NORTH AMERICA, LLC; and MUZAK HOLDINGS, LLC,<br><br>　　　　　　Defendants. | Civil Action No. 1:15-cv-980<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff T-Rex Property AB, by and through its undersigned counsel, files this Complaint against Defendants Muzak, LLC, DMX, LLC, DMX Residential Holdings, LLC, DMX Residential, LLC, DMX Holdings, Inc., Mood Media North America, LLC, and Muzak Holdings, LLC as follows:

### NATURE OF THE ACTION

1.　This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284 and 285.

### PARTIES

2.　Plaintiff T-Rex Property AB is a company organized and existing under the laws of Sweden with its principal place of business at Vårvägen 6, 18274 Stocksund, Sweden.

3. On information and belief, Defendant Muzak, LLC is a Delaware corporation with its corporate headquarters located at 1703 West Fifth Street, Suite 600, Austin, TX 78703.

4. On information and belief, Defendant DMX, LLC is a Texas corporation with its corporate headquarters located at 1703 West Fifth Street, Suite 600, Austin, TX 78703.

5. On information and belief, Defendant DMX Residential Holdings, LLC is a Texas corporation with its corporate headquarters located at 1703 West Fifth Street, Suite 600, Austin, TX 78703.

6. On information and belief, Defendant DMX Residential, LLC is a Texas corporation with its corporate headquarters located at 1703 West Fifth Street, Suite 600, Austin, TX 78703.

7. On information and belief, Defendant DMX Holdings, Inc. is a Texas corporation with its corporate headquarters located at 1703 West Fifth Street, Suite 600, Austin, TX 78703.

8. On information and belief, Defendant Mood Media North America, LLC is a Delaware corporation with its corporate headquarters located at 1703 West Fifth Street, Suite 600, Austin, TX 78703.

9. On information and belief, Defendant Muzak Holdings, LLC is a Delaware corporation with its corporate headquarters located at 1703 West Fifth Street, Suite 600, Austin, TX 78703.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Defendant Muzak, LLC because, on information and belief, Defendant has systematic and continuous contacts with Texas and this judicial district, because Defendant's corporate headquarters are located in the State of Texas and it has thereby purposefully availed itself of the benefits and protections of the laws of the State of Texas, and because Defendant regularly transacts business in the State of Texas and this judicial district. Furthermore, this Court has personal jurisdiction over Defendant Muzak, LLC because, as described further below, Defendant has committed acts of patent infringement giving rise to this action within the State of Texas and this judicial district and has established minimum contacts such that the exercise of personal jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.

12. This Court has personal jurisdiction over Defendant DMX, LLC because, on information and belief, Defendant has systematic and continuous contacts with Texas and this judicial district, because Defendant's corporate headquarters are located in the State of Texas, because Defendant is organized in the State of Texas and it has thereby purposefully availed itself of the benefits and protections of the laws of the State of Texas, and because Defendant regularly transacts business in the State of Texas and this judicial district. Furthermore, this Court has personal jurisdiction over Defendant DMX, LLC because, as described further below, Defendant has committed acts of patent infringement giving rise to this action within the State of Texas and this judicial district and has established minimum

contacts such that the exercise of personal jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.

13. This Court has personal jurisdiction over Defendant DMX Residential Holdings, LLC because, on information and belief, Defendant has systematic and continuous contacts with Texas and this judicial district, because Defendant's corporate headquarters are located in the State of Texas, because Defendant is organized in the State of Texas and it has thereby purposefully availed itself of the benefits and protections of the laws of the State of Texas, and because Defendant regularly transacts business in the State of Texas and this judicial district. Furthermore, this Court has personal jurisdiction over Defendant DMX Residential Holdings, LLC because, as described further below, Defendant has committed acts of patent infringement giving rise to this action within the State of Texas and this judicial district and has established minimum contacts such that the exercise of personal jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.

14. This Court has personal jurisdiction over Defendant DMX Residential, LLC because, on information and belief, Defendant has systematic and continuous contacts with Texas and this judicial district, because Defendant's corporate headquarters are located in the State of Texas, because Defendant is organized in the State of Texas and it has thereby purposefully availed itself of the benefits and protections of the laws of the State of Texas, and because Defendant regularly transacts business in the State of Texas and this judicial district. Furthermore, this Court has personal jurisdiction over Defendant DMX Residential, LLC because, as described further below, Defendant has committed acts of patent

infringement giving rise to this action within the State of Texas and this judicial district and has established minimum contacts such that the exercise of personal jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.

15. This Court has personal jurisdiction over Defendant DMX Holdings, Inc. because, on information and belief, Defendant has systematic and continuous contacts with Texas and this judicial district, because Defendant's corporate headquarters are located in the State of Texas, because Defendant is organized in the State of Texas and it has thereby purposefully availed itself of the benefits and protections of the laws of the State of Texas, and because Defendant regularly transacts business in the State of Texas and this judicial district. Furthermore, this Court has personal jurisdiction over Defendant DMX Holdings, Inc. because, as described further below, Defendant has committed acts of patent infringement giving rise to this action within the State of Texas and this judicial district and has established minimum contacts such that the exercise of personal jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.

16. This Court has personal jurisdiction over Defendant Mood Media North America, LLC because, on information and belief, Defendant has systematic and continuous contacts with Texas and this judicial district, and because Defendant's corporate headquarters are located in the State of Texas and it has thereby purposefully availed itself of the benefits and protections of the laws of the State of Texas. Furthermore, this Court has personal jurisdiction over Defendant Mood Media North America, LLC because, as described further below, Defendant has committed acts of patent infringement giving rise to this action within the State of Texas and this judicial district and has established minimum contacts such that

the exercise of personal jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.

17. This Court has personal jurisdiction over Defendant Muzak Holdings, LLC because, on information and belief, Defendant has systematic and continuous contacts with Texas and this judicial district, because Defendant's corporate headquarters are located in the State of Texas and it has thereby purposefully availed itself of the benefits and protections of the laws of the State of Texas, and because Defendant regularly transacts business in the State of Texas and this judicial district. Furthermore, this Court has personal jurisdiction over Defendant Muzak Holdings, LLC because, as described further below, Defendant has committed acts of patent infringement giving rise to this action within the State of Texas and this judicial district and has established minimum contacts such that the exercise of personal jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.

18. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS-IN-SUIT

19. The allegations set forth in the foregoing paragraphs 1 through 18 are hereby re-alleged and incorporated herein by reference.

20. On January 16, 2007, U.S. Patent Number RE39,470, entitled "Digital Information System," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '470 Patent is attached as Exhibit A to this Complaint.

21. The innovations described by the '470 Patent "relate[] to a method and apparatus for controlling and coordinating" electronic displays "in a digital information

system for displaying information on at least one display device . . . said information being displayed in places that are accessible to and frequented by a general public." ('470 Patent at 1:15-21; 6:25-29.) "An object of the present invention is to provide a flexible system in which external information mediators are able to dynamically control in real time the transmission of display instructions to a larger public in different places" "and to enable similar or specific information to be displayed in places that are mutually far apart." (*Id.* at 2:39-42; 2:52-54.)

22. A system operating according to an embodiment of the '470 Patent can include a control center with a communication interface that connects devices to create and update a display list in real time using control instruction fields sent from external mediators and to transmit and display the desired images to one or more electronic displays that can be controlled independently of other electronic displays. (*Id.* at 3:4-19; 4:42-45.) In embodiments, the control center can include one or more servers, workstations, and databases stored on one or more physical storage devices, and can include redundancy, of both computer hardware and the information stored, where the devices can be connected using a network, such as a LAN (Local Area Network) or by using a cable-carried ISDN solution (Integrated Services Digital Network) or other fixed lines that have a similar capacity. (*Id.* at 4:57-5:16; 5:59-67; 6:41-59; 12:55-13:7.)

23. In one embodiment of the invention, personnel operating a work station can enter information to be displayed from an external mediator via projector control instructions in the exposure list created by the server. (*Id.* at 8:10-26.) Operators are able to interrupt a

7

queue in the server in order to update the exposure list with information generated centrally from the control center or with information from an external information mediator. (*Id.*)

24. Information mediators can use an exposure program to deliver complete images (*e.g.* an image, a series of images or a video clip) for display which would not require processing by the control center, these can be dynamically added to the exposure list by the exposure handler. (*Id.* at 11:19-28.) External information mediators can thus deliver a complete image for display (an image, a series of images or a video clip) which can be processed automatically and inserted into the exposure list, or an administer can select information from an external mediator and process the information so that it can be inserted into the exposure list via the exposure handler. (*Id.* at 8:27-41.)

25. On June 3, 2008, U.S. Patent Number 7,382,334, entitled "Digital Information System," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '334 Patent is attached as Exhibit B to this Complaint.

26. The innovations described by the '334 Patent relate to methods and arrangements "for controlling and coordinating" digital display devices "in a digital information system for displaying information on at least one display device" "wherein the information is displayed in places that are accessible to and frequented by a general public." ('334 Patent at Abstract; 1:13-24; 5:20-32.) The present invention is able "to provide a flexible system in which external information mediators are able to dynamically control in real time the transmission of display instructions to a larger public in different places" "and to enable similar or specific information to be displayed in places that are mutually far apart." (*Id.* at 2:56-60; 3:5-11.)

8

27.     A system operating according to an embodiment of the '334 Patent can include a control center with a communication interface that connects devices to create and update a display list in real time using control instruction fields sent from external mediators and to transmit and display the desired images to one or more electronic displays that can be controlled independently of other electronic displays. (*Id.* at 3:38-60; 5:29-30.) In embodiments, the control center can include one or more servers, workstations, and databases stored on one or more physical storage devices, and can include redundancy, of both computer hardware and the information stored, where the devices can be connected using a network, such as a LAN (Local Area Network) or by using a cable-carried ISDN solution (Integrated Services Digital Network) or other fixed lines that have a similar capacity. (*Id.* at 6:17-45; 7:17-29; 11:60-67.) In some embodiments, a relational database can be used to store image and video data and each electronic display can be assigned a unique TCP/IP (Transmission Control Protocol/Internet Protocol) address such that each display can be individually addressed and sent content for display. (*Id.* at 14:50-15:8.)

28.     In one embodiment of the invention, personnel operating a work station can enter information to be displayed from an external mediator via projector control instructions in the exposure list created by the server. (*Id.* at 9:45-61.) Operators are able to interrupt a queue in the server in order to update the exposure list with information generated centrally from the control center or with information from an external information mediator. (*Id.*)

29.     Information mediators can use an exposure program to deliver complete images (*e.g.* an image, a series of images or a video clip) for display which would not require processing by the control center, these can be dynamically added to the exposure list by the

9

exposure handler. (*Id.* at 12:12-22.) External information mediators can thus deliver a complete image for display (an image, a series of images or a video clip) which can be processed automatically and inserted into the exposure list, or an administer can select information from an external mediator and process the information so that it can be inserted into the exposure list via the exposure handler. (*Id.* at 9:62-10:9.)

30. T-Rex is the assignee and owner of the right, title and interest in and to the '470 and '334 Patents (henceforth collectively the "patents-in-suit"), including the right to assert all causes of action arising under the patents-in-suit and the right to any remedies for infringement.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. RE39,470

31. The allegations set forth in the foregoing paragraphs 1 through 30 are hereby re-alleged and incorporated herein by reference.

32. Upon information and belief, in violation of 35 U.S.C. § 271(a), Defendants have directly infringed and continue to directly infringe, literally or under the doctrine of equivalents, one or more claims of the '470 Patent by making, using, offering for sale, selling, or importing devices or systems, in this judicial district and elsewhere in the United States (directly or through intermediaries), that perform the steps of receiving control instructions from at least one external information mediator, using the control instructions to generate an exposure list that specifies three or more of the following items: i) what information content is to be displayed; ii) at which of a plurality of locations the information content is to be displayed; iii) when the information content is to be displayed for each location at which content is to be displayed; and iv) how long the information content is to

be displayed for each location at which content is to be displayed, displaying images at one or more of the locations in accordance with the exposure list, and permitting the exposure list to be dynamically updated as claimed in at least claims 25 and 26 of the '470 Patent, without the authority of T-Rex.

33. More specifically, the infringing devices and systems include Defendants' MVision Platform.

34. Defendants have had knowledge of the '470 Patent since at least the commencement of this action.

35. Upon information and belief, Defendants have directly infringed and continue to directly infringe one or more claims of the '470 Patent, including at least claims 25 and 26, by operating their MVision Platform in Texas.

36. Because of Defendants' infringing activities, T-Rex has suffered damages and will continue to suffer damages in the future. T-Rex is entitled to recover from Defendants the damages sustained by T-Rex as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### **COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,382,334**

37. The allegations set forth in the foregoing paragraphs 1 through 36 are hereby re-alleged and incorporated herein by reference.

38. Upon information and belief, in violation of 35 U.S.C. § 271(a), Defendants have directly infringed and continue to directly infringe, literally or under the doctrine of equivalents, one or more claims of the '334 Patent by making, using, offering for sale,

selling, or importing devices or systems, in this judicial district and elsewhere in the United States (directly or through intermediaries), that perform the steps of generating an exposure list comprising control instructions for coordinating and controlling electronic displays with regard to what shall be exposed, when it shall be exposed, where it shall be exposed and for how long it shall be exposed, using a control center for coordinating and controlling electronic displays, where the control center is able to create and update the exposure list in real time, with control instruction fields via dynamic booking of information, in time for exposure, from mediators, and where the exposure list enables each electronic display to be controlled, independently of other electronic displays, to receive the same or different information in accordance with the exposure list for the exposure of respective electronic display as claimed in at least claims 22 and 32 of the '334 Patent, without the authority of T-Rex.

39. More specifically, the infringing devices and systems include Defendants' MVision Platform.

40. Defendants have had knowledge of the '334 Patent since at least the commencement of this action.

41. Upon information and belief, Defendants have directly infringed and continue to directly infringe one or more claims of the '334 Patent, including at least claims 22 and 32, by operating their MVision Platform in Texas.

42. Because of Defendants' infringing activities, T-Rex has suffered damages and will continue to suffer damages in the future. T-Rex is entitled to recover from Defendants the damages sustained by T-Rex as a result of Defendants' wrongful acts in an amount

subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A. an adjudication that Defendants have infringed the '470 and '334 Patents;

B. an award of damages to be paid by Defendants adequate to compensate T-Rex for Defendants' past infringement of the '470 and '334 Patents and any continuing or future infringement through the date such judgment is entered, including prejudgment and post-judgment interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. an injunction ordering Defendants to pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered; and,

D. an award to T-Rex of such further relief at law or in equity as the Court deems just and proper, including, but not limited to costs, fees, expenses, interest, and/or attorneys' fees.

Dated: October 28, 2015 　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ _____


　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*
　　　　　　　　　　　　　　　　　　　　*T-Rex Property AB*

OF COUNSEL:

David P. Swenson
FARNEY DANIELS PC
100 North Sixth Street, Suite 445A
Minneapolis, MN 55403
Tel: (612) 424-9220
Fax: (612) 424-9230
Email: dswenson@farneydaniels.com